Ruffin, C. J.
 

 Although the cases upon the question of evidence are not entirely in unison, yet in some of them the distinction mentioned by his Honor is taken, and, perhaps, enough may be found in the books to' establish the rale to be as laid down on the trial, if this had been a distinet admission of fact made during a treaty of compromise between the parties or their agents. But the decision of that point is at present unnecessary, because it does not seem to the Court, that this can be fairly treated as an admission made upon such an occasion. For the witness said .expressly, that he was not the plaintiff’s agent, and therefore he had no authority to treat for a compromise, and that he
 
 *332
 
 distinctly told the defendant so at the outset* It was after that, the defendant made the admission as to the nature of the charge he had uttered against the plaintiff; and there seems tobe no ground on which it could be distinguished from a similar declaration to any other person, or on any other occasion. The witness was not even made by the defendant his agent to make a compromise with the plaintiff. He might, indeed, have expected, that the witness, from his good will for the parties and his relation to them, would communicate to the plaintiff what had passed, and thus pave the way for entering upon a treaty of compromise, But he certainly did not consider, that the witness had authority of.any sort in the matter; for, without hesitation, he retracted every thing, when informed that the piainliff was willing to make a compromise — not feeling bound by anything he had said to
 
 the
 
 witness, or the witness had said to the plaintiff. 1 he case, then, seems to be simply this: The .defendant, on being sued for slander, informed his friend what slander he had spoken of the plaintiff, and the circumstances under which he had spoken the words, and that he then regretted it, and was anxious to have
 
 it
 
 settled. There was no treaty then pending; nor, indeed, any authority to the witness to open one; and therefore the rule, as to admissions during a compromise, does not apply; hut the defendant’s declarations are admissions, with liberty to the jury to allow them such weight as to them it might seem they ought to carry, from the circumstances under which theyjyere made.
 

 There is no error in the instructions to the jury. His Honor did not use the term
 
 inuendo
 
 in its technical sense, in pleading, but in the popular one of artful hint or insinuation. Indeed, the use of the word was altogether superfluous, as (he charge was direct, if the witnesses were believed at all..
 

 Per Curia-m. ; Judgment affirmed.