WILLIAM D. SMITH *v.* WILLIAM R. LOVE and AMBROSE OVERBAUGH.

In an action to recover the price of certain guano sold to the defendants for use by themselves ; it having been shown that the article was worthless : *Held,*

1. That the fact that one of the defendants, after the article had been made use of, in a conversation with the plaintiff, promised that, if the latter would release him, he would pay *one-third* of the price, in order to avoid a law suit, was no evidence of a new contract, and, *semble,* also, none of the original contract ; but was merely an unaccepted offer to compromise.

2. That, if the article were worthless, the plaintiff could not recover : a *re-delivery* of it by the defendants having been rendered *impossible* because it had been destroyed by the means resorted to in order to ascertain its value; or *unnecessary,* because being wholly without mercantile value, it need not have been returnd.

(*Daniel* v. *Wilkerson,* 13 Ire. 329 ; *McEntyre* v. *McEntyre,* 12 Ire. 299 ; *Caldwell* v. *Smith,* 4 D. and B. 64 ; *Dickson* v. *Jordan,* 11 Ire. 166, approved.)

CIVIL ACTION for money, tried before *Buxton, J.,* at Spring Term 1870, of CUMBERLAND Court.

The case is stated in the Opinion.

Verdict for the defendant, and Judgment accordingly. Appeal by the plaintiff.

*Hinsdale,* for the appellant.
*Fowle & Badger, contra.*

RODMAN, J. This was an action in which the plaintiff sought to recover $321.38, the price of certain guano, sold and delivered to the defendants, for their use as agriculturists. The defendants admitted the receipt and use by them, of an article delivered to them by the plaintiffs as guano, and a promise to pay the sum claimed ; but they allege that this article was not guano at all, and that it was utterly worth-

less. Love, one of the defendants, was examined by the plaintiff, and testified that he told the plaintiff, after the guano had been used, that if the plaintiff would release him, he would pay one-third of the price, to avoid a law-suit.

The Judge instructed the jury that the evidence of Love, was not competent to prove a contract made, after the delivery of the article, to pay one-third of the price, but was allowed to go to them as evidence of what is called in the case, the first contract. The plaintiff excepted to this. We think the Judge committed no error to the prejudice of the plaintiff. The testimony of Love proved only an offer to compromise, which was not accepted, and was therefore no contract at all.

We are inclined to think the Judge should have told the jury that it did not tend to prove the contract declared on, and that it should be entirely disregarded. An offer to compromise a demand, is no admission of its rightfulness: 1 Greenl. Ev. 192; *Daniel* v. *Wilkerson*, 13 Ire. 329.

The Judge instructed the jury, that " if the article sold was a genuine article, no matter how deficient in quality, the contract price must govern. But if it was a spurious, counterfeit article and worth nothing, then the plaintiff can recover nothing." The plaintiff excepted.

The first branch of this instruction was in favor of the plaintiff, and he cannot complain. How far it may be warranted in the present state of the law, we are not called on to inquire. In the second branch we see no error. It is familiar doctrine that upon an executory contract, where there is a total failure of consideration, the plaintiff cannot recover: 1 Pars. Cont. 162; *McEntyre* v. *McEntyre*, 12 Ire. 299. It is equally reasonable, though perhaps not as well known, that, " when a vendor sells an article by a particular description, it is a *condition precedent* to his right of action, that the thing which he offers to deliver or has delivered,

should answer the description: Benjamin on Sales, 442; *Chantor* v. *Hopkins*, 4 M. and W. 399.

"If the sale is of a described article, the tender of an article answering the description, is a condition precedent to the purchaser's liability, and if this condition be not performed, the purchaser is entitled to reject the article, or if he has paid for it, to recover the price as money had and received for his use: Benjamin, 443, 449, 479; *Caldwell* v. *Smith*, 4 D. and B., 64.

It is true that in such a case, the general rule is that the buyer must return or offer to return the article in a reasonable time after its falsity is discovered. But if it is necessarily destroyed in making that discovery, or if it be wholly without mercantile value, this principle cannot apply: *Caldwell* v. *Smith*, *ubi sup*. For example, if on a contract to deliver so many barrels of whiskey, water be delivered, there can be no necessity for returning the water.

*Dickson* v. *Jordan*, 11 Ire. 166, cited for plaintiff, supports the first branch of the Judge's instruction, but has no bearing on the second.

There is no error.

PER CURIAM.                              Judgment affirmed.