W. F. KORNEGAY v. N. K. EVERETT and CHARLES KENNEDY.

*Equity—Evidence—Mistake of Law—Correction of Deed.*

1. Where it is admitted or proved that an instrument, executed in pursuance of a prior agreement, by which both parties meant to abide, is inconsistent with the purpose for which it was designed ; or that by reason of some mistake of both parties it fails to express their intention, a Court of Equity will correct it, although the mistake be one of law.

2. The proof of such mistake must be full and clear—such as would have satisfied a chancellor or Court of Equity under the former practice—before the relief will be administered.

This is a CIVIL ACTION, tried before *Merrimon, J.*, upon exceptions to the report of a referee, at September Term, 1887, of WAYNE Superior Court.

It is alleged by the plaintiff that the defendants, N. K. Everett and wife, on the 1st day of October, 1883, executed a mortgage to W. F. Kornegay & Co., conveying in fee certain lots of land described in the complaint, to secure an indebtedness of N. K. Everett to Kornegay & Co., and a steamboat called the "Rough and Ready"; also, that the defendants, Everett and wife, on the 28th day of October, 1881, executed a deed to H. Weil & Bros., conveying to them certain lots described in the complaint, to secure an indebtedness of N. K. Everett to Weil & Bros., and that the plaintiff was the assignee and owner of all the indebtedness secured in those mortgages; that on the 26th of May, 1884, the defendant Everett executed a deed of trust, in which his wife joined, conveying all his property, including that embraced in the several mortgages, to the defendant John R. Smith, in trust, after allotting to Everett his homestead and personal property exemptions, to sell and pay the debts owing by him in the order set out in the trust, including the mortgage debts; that some time after the last deed of trust was executed, the

plaintiff, being the owner of the larger part of the debts, and the indebtedness to him being secured by the mortgages, an arrangement or settlement between the plaintiff and N. K. Everett and the trustee, was entered into, whereby an unincumbered title in fee to the lots embraced in the mortgages to Kornegay & Co. and to Weil Bros. was to be conveyed to the plaintiff in settlement of the mortgage debts, and he was to surrender said debts and release the mortgage which he held upon the steamboat "Rough and Ready"; that in pursuance of this arrangement, and to carry the same into effect, the plaintiff surrendered the said mortgage indebtedness and released his mortgage on the steamboat, and the defendant John R. Smith, trustee, with the concurrence and approval of N. K. Everett, executed two deeds, one dated November 29th, 1884, purporting to convey to the plaintiff the lots conveyed in the mortgage to Kornegay & Co., and the other dated January 1st, 1885, purporting to convey to the plaintiff the lot embraced in the mortgage to Weil Bros., and that the plaintiff took possession of the lots as his property, all the parties believing that the deed of the trustee was a sufficient and proper conveyance to carry out the agreement; that the deeds to the plaintiff were not signed by the defendants, Everett and wife, " by reason of the mistake of the plaintiff and the defendants, in the belief that the trustee was the proper person to convey, and that his deed would convey the unencumbered title in fee."

It is further alleged that the defendant Everett " refuses to abide by said settlement, and to recognize said deeds, and has taken and wrongfully withholds possession of said land from the plaintiff."

The prayer for relief is that the defendant refusing to abide by it, the settlement be set aside, the parties placed in *statu quo,* and that the plaintiff be allowed to foreclose the mortgages.

The defendant Smith, trustee, filed no answer. The defendant Everett answers, denying that the lands referred to were intended to be conveyed to the plaintiff in fee, and says that the only agreement was that Smith, trustee, should execute to the plaintiff a deed, which was done at the time of the agreement, on the 29th of November, 1884, after which the plaintiff surrendered to the defendant the mortgage upon the steamboat; that the deed was drawn by plaintiff's attorney and accepted by him, knowing well its contents, &c.

By consent, the action was referred to C. B. Aycock, Esq.

On the trial before the referee, the plaintiff Kornegay and the defendant John R. Smith were witnesses on behalf of the plaintiff, and their testimony tended to prove that the deeds made by Smith, trustee, to the plaintiff, were executed in pursuance of a settlement and agreement, by which the plaintiff was to surrender his mortgage on the steamboat and his claims secured by the mortgages; and in consideration therefor Smith, the trustee, was to convey to him a title in fee simple to the lots embraced in the mortgages; that the deeds were executed by Smith, trustee, with the knowledge of the defendant Everett, and with the understanding of all the parties that the deeds would convey a fee simple title unencumbered; that all the parties (Kornegay, Smith and Everett) thought that Smith's deed would convey a good title in fee, and that was the intention of the parties upon which they settled.

" The evidence of both these witnesses" (which is set out in full in the record) "was objected to by the defendants, on the ground that the deeds should speak for themselves, and that it was not competent to show by parol what the parties intended in the execution of the deeds, and if there was any mistake it was a mistake of law as to the effect of the deeds, without any allegation of a mistake of fact, fraud, undue influence, or other equitable element; and also, that it was incompetent to show by parol an agreement to convey land."

The objection was sustained by the referee, and the evidence was ruled out, and plaintiff excepted.

The case was heard by his Honor upon this exception, who held that "the evidence offered was competent, but that it was insufficient to show a mistake in the execution of the deeds." He thereupon confirmed the report, and judgment was rendered accordingly. The plaintiff appealed.

*Mr. J. W. Bryan*, (by brief) for the plaintiff.
*Mr. W. C. Monroe*, for the defendant.

DAVIS, J., (after stating the case). The deed executed by Smith, trustee, while purporting to convey an absolute estate in fee in the property to plaintiff, by reason of the reservation of the homestead in the deed of trust to Smith, in fact conveyed an estate subject to the homestead, the defendant Everett and wife not joining the trustee in the execution of the deed to plaintiff, by reason of the mistake of all the parties, in supposing that the deed of the trustee would convey an absolute title, as it was intended it should do.

The plaintiff says that, having surrendered his claims and the mortgages by which they were secured, the defendant refuses to give effect to the agreement, but claims the homestead, and he asks that if the defendant will not comply, it be rescinded.

The questions presented are:

1st. Will the Court correct such a mistake of law? and,

2d. If so, was the evidence sufficient to establish the mistake?

The evidence offered by the plaintiff to show the mistake was, upon objection by the defendant, ruled out by the referee as incompetent, but it was held by the Court below to be competent, but insufficient. There was no appeal by the defendant from so much of his Honor's ruling as held that the evidence was competent, and it may be that the first

3

question is not necessarily before us in the case on appeal, but as the sufficiency or insufficiency of the evidence would be of no consequence if the Court had not the power to correct the mistake, and as that was the chief question discussed by counsel, we think it proper that it should be considered.

It is undoubtedly the general rule, as laid down by the Chief Justice in *Thomas* v. *Lines*, 83 N. C., 191, " that a written instrument disposing of property or constituting a contract, cannot be altered, impaired or explained by parol proof of a different purpose or understanding from that contained in the writing." And it is said by Adams (Equity, § 169): "The *prima facie* presumption of law is, that the written contract shows the ultimate intention, and that all previous proposals and arrangements, so far as they may be consistent with the contract, have been deliberately abandoned. It seems, however, that the instrument may be corrected, if it is admitted or proved to have been made in pursuance of a prior agreement, by the terms of which both parties meant to abide, but with which it is in fact inconsistent; or if it is admitted or proved that an instrument intended by both parties to be prepared in one form, has by reason of some undesigned insertion or omission, been prepared and executed in another," &c.

What was the document intended to be? If it is admitted, or, as was said in *Jones* v. *Perkins*, 1 Jones Eq., 337, established by clear and convincing proof, that by mistake of the parties (and it must be the mistake of both parties if the equity rests upon mistake) the instrument fails to express the intention of the parties, it will be corrected, and this will be done whether the mistake be one of fact or of law, as is clearly shown in *McKay* v. *Simpson*, 6 Ired. Eq., 452; *Hart* v. *Roper*, 6 Ired. Eq., 349; *Womack* v. *Eacker*, Phil. Eq., 161; *Lynam* v. *Califer*, 64 N. C., 572; *Lutz* v. *Thompson*, 87 N. C., 334.

The question is discussed at length in *Benson* v. *Markol*, decided in the Supreme Court of Minnesota in May, 1887,

published in vol. 36, page 44, of the Albany Law Journal, and after a review and citation of a great number of authorities, it is said: "A careful consideration of the authorities has led us to the conclusion that the power of Courts of Equity to afford relief from the consequences of the mutual mistake of parties to written instruments is not strictly limited to mistakes of fact, but extends also to mistakes of law."

The defendant relied with confidence upon the decision of this Court in *Sandlin* v. *Ward*, 94 N. C., 490, in which it is said: "A Court of Equity never corrects mistakes of law, save in exceptional cases, where the mistake is mixed up with other equitable elements," &c.

Of course a Court of Equity will only correct a mistake when *equity* requires it.

Was there such an equitable element in this case?

If the plaintiff held a security for his debt, which was discharged in pursuance of the agreement, and with the understanding and intention of both parties that it should be discharged upon the execution of the deed conveying the lots contained in the deed from Smith, trustee, to the plaintiff, free from all incumbrance, and it was intended and thought by all the parties that such a title was conveyed, then would it not be manifestly inequitable for the defendant to retain the benefit derived from the release of the debts and surrender of the mortgages by the plaintiff, without giving full effect to the agreement, by securing to the plaintiff the title in fee to the land conveyed to him by the trustee? Would not the plaintiff have a right to have the contract rescinded and to be relegated to his original security?

Assuming the facts to be as alleged, the defendant cannot assert any claim to the property conveyed by the deed of his trustee, adversely to that deed, without restoring to the plaintiff the security lost by him in consequence of the acceptance of that deed.

If it be said that, peradventure, the wife of the defendant will not join in the execution of such an instrument as will carry the agreement into effect, the answer is to be found in *Welborn* v. *Sechrist*, 88 N. C., 287, and he must make reasonable effort to comply with the agreement.

There was no error in ruling that the evidence was competent.

As to the sufficiency of the evidence to correct the mistake, the proof must be full and clear and not merely preponderant, but such as would have satisfied a chancellor or Court of Equity under the old practice. *Loftin* v. *Loftin*, 96 N. C., 94, and cases cited.

The only witnesses were the plaintiff and the defendant Smith, the trustee; there was no conflicting testimony, and if these witnesses are to be believed, the deed from Smith, trustee, to the plaintiff was intended to convey a title in fee unencumbered, and it was thought by all the parties at the time that it did convey such a title, so that, nothing else appearing, it was sufficient; but the referee having excluded this evidence, and thus rendering it unnecessary for the defendant to offer any evidence controverting, as his answer does, the facts as testified to, he has a right to be heard in denial, and this case will be certified to the end that it may be further proceeded with in accordance with this opinion.

Error.