A. H. POLLOCK v. J. R. WARWICK and K. A. HUDSON.

*Mortgagor and Mortgagee—Contract—Evidence, Parol—Burden of Proof — Correction of Deed — Mistake—Issues — Costs— Appeal.*

1. Plaintiff, who held chattel mortgages against defendant, took from him new mortgages, which, according to their agreement, were to take the place of and satisfy the old ones, and after they were executed he left them with defendant to be registered, with the understanding that, on their return to him, he was to surrender the old mortgages. On receipt of the new mortgages he discovered a mistake in one of them, of which he notified defendant, but he did not return the mortgage. Plaintiff then seized the mortgaged property, and took for its delivery a forthcoming bond : *Held*, that plaintiff, having treated the new mortgages as an executed contract, cannot have their terms varied, except on proof of fraud, or mutual mistake, and the burden is on him.

2. A mere preponderance of evidence is not sufficient to show mistake in a mortgage, but there must be clear and convincing proof.

3. It is the duty of counsel to assign errors in the charge of the Court when making out the case on appeal, and not wait to take exception, for the first time, before the appellate Court. Following *McKinnon* v. *Morrison, ante*, 513.

POLLOCK *v.* WARWICK.

4. Where plaintiff recovers no more than the amount tendered him by defendant before suit was brought, and, on his refusal to accept it, the latter paid it into Court, he should be taxed with costs.

5. If there are facts in controversy, which a party deems material, and they are raised by the pleadings, it is his duty to tender an issue thereon ; it will be too late after verdict to object that this was not done.

APPEAL from Superior Court of MECKLENBURG County, at Fall Term, 1888, *Boykin, J.*, presiding.

Action for damages for the breach of the conditions of a forthcoming bond given by defendant for the delivery of property embraced in a chattel mortgage executed by him to plaintiff. Plaintiff held mortgages on defendant's stock of goods, and afterwards they had a settlement, plaintiff taking new mortgages from defendant in satisfaction of the old ones. The new mortgages were left with defendant to be registered, and on their return to plaintiff he was to surrender the old ones. When they were registered and sent to plaintiff, he discovered that the amount in one of them was wrong, and he notified defendant, but retained the mortgage. Afterwards he seized the property embraced in it, and took from defendant a forthcoming bond for its delivery. In a suit on the bond, there was judgment for plaintiff for less than the amount claimed by him, and he appealed.

The other facts necessary to an understanding of the questions raised are stated in the opinion.

*Mr. P. D. Walker*, for the plaintiff.
*Mr. H B. Adams*, for the defendant.

CLARK, J.—The plaintiff contends that, as he had the legal title to the property under the mortgage of 1884, if the mortgages of 1885 were given in satisfaction of those of 1884 the burden was on defendant to show it. This

would be true, but plaintiff's own evidence is to the effect that the new mortgages were "to take the place of, and go in full satisfaction" of, those of 1884; that they were " executed to him" (which includes a delivery to him); that he then left them with defendant to be registered, and on their return to plaintiff, when registered, he was to surrender up the mortgages of 1884; that on their receipt he discovered a mistake of $200 in one of them, and notified defendant, but did not return him the new mortgage; that he seized the property covered by them, some of which was not embraced in the antecedent mortgages, and the bond sued on was given for the forthcoming of the property covered by the new mortgages. As plaintiff does not claim that the new mortgages were given as additional security, but "in full satisfaction" of the former ones, such conduct would seem to show that he was resting his claim on the mortgages of 1885, probably by reason of the additional property embraced in them. If, at the trial, however, he wished to present for decision, as he now claims should have been done, an issue of fact, as to "what was the oral agreement of the parties as to the surrender of the mortgage of 1884," whether it was conditional or absolute, executed or executory, he should have done so by tender of an issue or prayer for appropriate instructions. On the contrary, he treated the exchange as an executed agreement, and relied upon the alleged mistake as to the amount. The "case on appeal" states: "After the close of the evidence and the argument of counsel, the Court remarked that the whole matter seemed to depend upon whether or not there had been a mistake made in the execution of the $25 mortgage as to the amount. To this the counsel of both sides assented." This was not an admission of law, but of fact.

Treating the new mortgages, therefore, as an executed contract, as the plaintiff had done, by seizing property embraced in them (and not in the old mortgages), taking

the forthcoming bond sued on for such, and by his conduct at the trial, its terms could not be varied, or altered, as to amounts or otherwise, except upon proof of fraud or "mutual mistake." The burden to prove such is on the plaintiff. By the solemn agreement of the parties, the written agreement is strong and high proof of the true contract between the parties. The *quantum* of proof required to show mistake was correctly charged by the Court. A mere preponderance of the evidence would not be sufficient. There must be clear and convincing proof. *Jones* v. *Perkins,* 1 Jones Eq., 337; *Ely* v. *Early,* 94 N. C., 1; *Harding* v. *Long,* 103 N. C., 1.

The mistake, to support an equity, must be a mutual mistake. *Kornegay* v. *Everett,* 99 N. C., 30; *McMinn* v. *Patton,* 92 N. C., 371. There is no evidence tending to show fraud or advantage taken of one party by the other.

The point made by plaintiff in this Court, that the *quantum* of proof charged by the Court as requisite to correct a mistake, applies only when both pleadings and proof are in a case strictly equitable, comes singularly enough from him. When, by his admission on the trial, *supra,* that the issue, or controversy, was solely as to whether there was a mistake in the mortgage, as he had pleaded no mistake, he was bound by the terms and amount of the mortgage, under which he had seized the property (part of it not being embraced in the former mortgages) for which the forthcoming bond sued on was given. He cannot complain that he was allowed, upon proper *quantum* of proof, to show a mistake when he had not entitled himself, by properly pleading it, to do so. *McElwee* v. *Bank, ante.*

An omission to charge is generally not ground of exception, unless an instruction is asked and refused, while, if the Court charges upon any point, and does so erroneously, it is deemed excepted to. *State* v. *Austin,* 79 N. C., 624;

104—41

*Bynum* v. *Bynum*, 11 Ired., 632. None the less it is the duty of counsel to assign error in the charge when making out the "case on appeal." *McKinnon* v. *Morrison*, at this term. So much depends upon the context, that this is but fair to the other side that the Judge may set out his charge fully and accurately upon that point, which he might fail to do if his attention is not directed to the error complained of, and it were allowable for the charge to be excepted to for the first time in this Court.

It appears that the defendant tendered the plaintiff, before suit brought, the amount which the jury have since found to be due him, and, upon his refusal, paid it into Court for him. The plaintiff was, therefore, properly taxed with the cost of the action. *Murray* v. *Windley*, 7 Ired., 201.

Affirmed.