H. D. POINDEXTER v. C. R. CALL.

(Filed 2 November, 1921.)

**1. Ejectment—Landlord and Tenant—Notice to Tenant.**

A verbal notice to terminate a lease given by the landlord, in conformity with the statute, is sufficient.

**2. Same—Term of Lease—Issue.**

Where the controversy in a summary proceeding in ejectment between landlord and tenant, is whether the contract is by the month or by the year, as to the landlord's notice to terminate it, only one issue is required, as to the expiration of the lease at the time of the commencement of the action, with the burden of the issue on the plaintiff.

POINDEXTER *v.* CALL.

**3. Same— Immaterial Issues— Burden of Proof— Appeal and Error— Harmless Error.**

> Where two issues are submitted to the jury in the landlord's action of ejectment, one as to the expiration of the term of the lease, as being by the month as plaintiff claimed; or by the year, as the defendant claimed, the second issue will be regarded as surplusage on appeal, and an instruction placing the burden of proof on this last issue on the defendant will be regarded as harmless error, it appearing that the jury, in answering the first issue in the affirmative, understood and intended to render their verdict in favor of the plaintiff.

**4. Instructions—Theory of Trial—Evidence—Context.**

> Instructions to the jury are considered with reference to the theory upon which the case is tried, and the evidence and contentions of the parties, and are construed with the context.

APPEAL by defendant from *Webb, J.*, at the May Term, 1921, of FORSYTH.

*Holton & Holton for plaintiff.*
*Jones & Clement for defendant.*

WALKER, J. This is a summary proceeding in ejectment, brought by the plaintiff, as landlord, against the defendant, as his tenant.

There are only two questions presented for our consideration:

1. Can a tenancy be terminated by a verbal notice to quit?

2. Upon which party rests the burden to prove that the tenancy has come to an end?

First. The notice in this case was oral. The defendant contends that it should have been in writing, and for this he relies on Pell's Revisal, sec. 778, but that section applies to a different class of notices. In *Vincent v. Corbin,* 85 N. C., 108-111, it was held that a verbal notice to the tenant by his landlord is sufficient. This disposes of the first exception.

Second. As to this exception, it is necessary to state that the court below submitted two issues to the jury, as follows:

1. Was the tenancy existing between the plaintiff and the defendant from month to month, and, if so, when did such tenancy expire? The jury answered this issue "Yes, 1 January, 1921."

2. Was the tenancy between the plaintiff and the defendant from year to year; if so, when did the same expire? The jury answered this issue "No."

This action to eject the defendant was commenced in February, 1921. The court placed the burden as to the first issue upon the plaintiff, and as to the second issue upon the defendant. Submittng two issues was

unnecessary. The defendant's counsel, Messrs. Jones and Clement, correctly insisted here, in their brief and in their argument, that in no event could the burden of proof be placed upon the defendant Call, for that the burden of proof was upon the plaintiff from the beginning to the end of the trial. There was but one question for the jury to pass upon, and that was, "Had the defendant's term, or lease, expired when this action was commenced?" The burden of the issue could not rest on both plaintiff and defendant. The plaintiff became the actor at the institution of the suit, which placed the burden of proof on him, citing *Garris v. Harrington,* 167 N. C., 86; *Tillotson v. Fulp,* 172 N. C., 499. This, as we have said, is very true. There was only one issue, and that was the one stated by the learned counsel for the defendant, but that one was submitted by the first of the issues, and the judge properly placed the burden as to it upon the plaintiff.

The contention of the defendant that the tenancy was one from year. to year, and required thirty days notice to end it, was not a separate or distinct defense, but was in the nature of a denial of plaintiff's allegation that it was one from month to month, and was involved in the general issue or traverse of plaintiff's allegation. If plaintiff failed to establish his contention that the tenancy was one from month to month, he failed to do what the law required him to do, and the verdict and judgment should have been against him. Defendant, though, should have stood his ground upon the general issue, simply denying the plaintiff's allegation. The form of the second issue may have placed the burden upon the defendant, as he was required to prove the affirmative of it. The Court said in *Walker v. Carpenter,* 144 N. C., 675: "However they may be arrayed on the docket, it is a fundamental rule of evidence that the burden of proof is on the party who substantially asserts the affirmative of the issue, whether he be nominally plaintiff or defendant. . . . The first rule laid down in the books on evidense is to the effect that the issue must be proved by the party who states an affirmative and not by the party who states the negative." To the same effect is *McKeel v. Holloman,* 163 N. C., 135. But we regard the second issue as entirely immaterial and without any proper significance in the case. The jury having found, under the evidence and the charge, that the tenancy was one from month to month, and that it expired on 1 January, 1921, the plaintiff was entitled to recover. Having found that the tenancy was from month to month, in response to the first issue, the jury would hardly have found, in response to the second, that it was a tenancy from year to year. They evidently found, and intended to find, for the plaintiff. While there was a formal error in the respect indicated, it was harmless, as the case turned out, and was not, therefore, prejudicial.

It was held in *Cotton v. Mfg. Co.,* 142 N. C., 531, that instructions to the jury are to be considered with reference to the theory upon which the case is tried, and with reference to the evidence and contentions of the parties. And *Chief Justice Ruffin* once said that the language of the judge is to be read with reference to the evidence and the point disputed on the trial, and of course is to be construed with the context.

When thus considered, there is no room for doubt that the jury fully understood the real and only issue, decided with the plaintiff, and intended their verdict to be for him.

No error.