## MAURICE STEIN v. B. J. LEVINS.

(Filed 11 October, 1933.)

**1. Evidence E b—Unaccepted offer of compromise is not an admission of liability and is incompetent as evidence thereof.**

In a suit by the payee to recover upon negotiable notes an unaccepted offer of compromise made by the maker of the notes is not competent evidence as an admission of liability, nor is the statement of the amount offered as a compromise a statement of a fact independent of the rejected offer such as to render it competent as an admission.

**2. Trial B e—**

The trial judge has the power to grant a motion to strike out incompetent evidence which had been admitted without objection, and the time he should hear the motion is within his discretion.

**3. Bills and Notes H b—Admission of execution of notes establishes prima facie case, but burden on the issue remains on plaintiff.**

Where the defense to an action upon a negotiable note is that the note was given solely for the accommodation of the payee and was not supported by consideration, the defendant's admission of the execution of the notes makes a prima facie case that will take the case to the jury in the payee's action, but does not shift the burden to the defendant to establish his defense by the greater weight of the evidence, the burden of proof on the issue raised by the pleadings remaining on plaintiff throughout the trial.

**4. Same—Admission of execution of notes dispenses with necessity of proving execution but not necessity of introducing them in evidence.**

When matters directly in issue are admitted it is unnecessary to offer the admissions in evidence, but it is otherwise if the admissions are independent of and collateral to the issue raised by the pleadings, and in an

action on negotiable notes, the admission by defendant of the execution of the notes dispenses with the necessity of proving execution, but not with the necessity of introducing the notes in evidence.

**5. Trial E c—**

The question whether a witness whose deposition has been taken by the plaintiff and offered by the defendant was a witness for the plaintiff is a subordinate feature of the trial concerning which no instruction is essential in the absence of a written request to that effect.

APPEAL by plaintiff from *Daniels, J.,* at April Term, 1933, of HERTFORD. No error.

The plaintiff instituted this action to recover the amount alleged to be due on two promissory notes, the first of which is as follows:

"$2,000.00.                        Philadelphia, Pa., 5/15/1930.

After date I promise to pay to the order of M. Stein, two thousand and 00/100 dollars at 4822 N. 10th St., city.

Value received with interest at 6% per annum. No..   . Due . ......   .
                                                        B. J. Levins."

The other note is identical in form except as to the amount, which is $2,000.

The defense pleaded is a total failure of consideration in that the notes were executed solely as an accommodation to the plaintiff or for the temporary purpose of enabling the plaintiff to borrow money or procure credit.

The jury returned the following verdict:

1. Is the defendant indebted to the plaintiff on the notes set forth in the complaint, and, if so, in what amount? Answer: Nothing.

Judgment for defendant; appeal by plaintiff for assigned error.

*Joseph B. Burden, W. D. Boone and Manning & Manning for plaintiff.*
*W. H. S. Burgwyn, J. Carlton Cherry and E. L. Travis for defendant.*

ADAMS, J. The following questions and answers appear in the deposition of Joseph Singer:

"Q. Did you ever have any conversations with Mr. Levins concerning this matter? Answer: I did.

Q. Will you tell us what took place? Answer: I tried to get the two of them straightened out, being that they were such good friends so long, and I tried to get the matter thrashed out, and Mr. Levins said he made Stein an offer and he was willing to stick to that offer, not a nickel more.

Q. Do you know the amount of that offer? Answer: Yes.

Q. What was the amount? Answer: $1,000."

At the time the deposition was offered in evidence neither party objected to this testimony, but afterwards the defendant's counsel made a motion to strike it from the record. The motion was granted and the plaintiff excepted.

In our opinion the court committed no error in allowing the motion. It is elementary that evidence of an unaccepted offer of compromise is not admissible. Almost a century ago the principle was stated in an opinion by *Gaston, J.,* in *Poteat v. Badget,* 20 N. C., 349, and has since been maintained. In that case the Court said: "The offer of the defendant unless accepted by the plaintiff, was in no way obligatory. Neither was it an admission of the fact that the defendant owed the sum of fifty dollars. In all fairness it must be understood with reference to the subject-matter before the parties, which was an attempt to adjust a disputed claim. It was a proposition, whether that claim were well or ill-founded, to pay a specific sum as the price of peace. As the plaintiff did not accede to the proposition, the rights of the parties remained precisely as they were before the proposition was made."

In a later opinion this Court remarked that "an offer to compromise a demand is no admission of its rightfulness." *Smith v. Love,* 64 N. C. 439.

The plaintiff concedes the principle but takes the position that the excluded testimony contains the statement of a fact which is entirely independent of the rejected offer and was therefore competent. The question proposed by the plaintiff arose in *Daniel v. Wilkerson,* 35 N. C., 329. There the action was for slanderous words spoken of the plaintiff imputing to him the crime of stealing a hog belonging to the defendant. The plaintiff offered to prove by a witness that after the suit was brought the defendant stated to the witness that he had charged the plaintiff with the crime, but that he did it in a passion and was sorry for it. The defendant objected on the ground that the admission was made pending a treaty of compromise between the parties, the facts in reference to which are set out in the preliminary statement of the case. The Court held that although a rejected proposition of compromise could not be heard, yet admissions of fact made by the defendant in his conversation with the witness, who was not the plaintiff's agent, were competent evidence. It will be observed that the defendant's admission contained no reference to the terms of the proposed settlement. Adhering to *Daniel v. Wilkerson* this Court has said in later cases that the admission of an independent fact made during an attempt to compromise may be given in evidence, though it is otherwise with respect to an offer made for effecting a settlement. *Baynes v. Harris,* 160 N. C., 307; *Montgomery v. Lewis,* 187 N. C., 577; *Lewis v. Lewis,* 192 N. C., 267.

If the plaintiff had proposed to show by Singer that the defendant had made to the plaintiff an unaccepted offer of settlement, the testimony would have been inadmissible because in law the offer would not have been an admission of the defendant's indebtedness. We perceive no sound or satisfactory reason for concluding that the defendant's statement that he had made an offer which in law was not an admission was itself an admission of his liability to the plaintiff. The evidence was incompetent.

That the presiding judge had the power to withdraw the evidence is unquestionable and the time when he should hear the motion was a matter addressed to his discretion. *Cooper v. R. R.*, 163 N. C., 150; *Dugger v. McKesson*, 100 N. C., 1.

The plaintiff requested the court to instruct the jury that as the defendant admitted the execution of the notes and contended that they were given only for the plaintiff's accommodation, the burden was on the defendant to satisfy the jury by the greater weight of the evidence that the notes were given without valuable consideration and only for the accommodation of the plaintiff, and if the defendant failed so to satisfy the jury, the answer to the issue should be "$4,007.50"; otherwise "Nothing."

The plaintiff introduced the notes which, reciting "value received," were made payable to the order of the plaintiff. Being negotiable they imported a valuable consideration. C. S., 2982, 3004; *Hunt v. Eure*, 188 N. C., 716. The court gave the following instruction: "Upon that showing, gentlemen, upon the admission of the defendant, and upon the notes themselves, nothing else appearing, you would find, nothing else appearing, that there is a prima facie case, made in favor of the plaintiff, that is, a presumption, that his notes were given in these terms and that they are due and unpaid. . . . There is no date at which they are payable and, therefore, under the statute, they are payable upon demand; and the defendant testified that these notes were to be returned to him after they had served Stein's purpose; that is, after they had enabled him to borrow money, but they were never returned to him; that he asked about having them returned to him, but for some reason plaintiff did not return them. He testified further that the plaintiff never made any demand on him for any money on these notes, that he never paid any on them and never saw them after they were delivered to Mr. Stein. That being so, prima facie, the plaintiff is entitled to recover, to have you answer this issue, 'Yes.' . . . Whenever a prima facie case is made out, and as I have described in this court that this case is prima facie, in favor of the plaintiff, it is upon the defendant to go forward with his proof, or take the risk before the jury of an adverse verdict, as is said in one of our cases. But, the

burden of proof and the burden of the issue remains upon the plaintiff throughout the trial. If the defendant satisfies the jury from the evidence offered by him, or from all the evidence in the case, of the truth of his contention, that this agreement was entered into only for the accommodation of the plaintiff, then, of course, the plaintiff would not be entitled to recover, and, under those circumstances, it would be your duty to answer the issue, 'No'; that is, that the defendant is not indebted to the plaintiff."

This instruction is in accord with the later decisions of this Court. It is a fundamental rule of evidence that the burden is on the party who asserts the affirmative of the issue. *Walker v. Carpenter,* 144 N. C., 674; *Poindexter v. Call,* 182 N. C., 366. The burden of the issue, that is, the burden of proof in the sense of establishing the issue as distinguished from the act of going forward and producing evidence, does not shift from one party to the other. *Cotton Oil Co. v. R. R.,* 183 N. C., 95; *Speas v. Bank,* 188 N. C., 524; *Hunt v. Eure,* 189 N. C., 482. This is not a case in which the subject-matter of a negative averment is peculiarly within the knowledge of the opposing party. *Hosiery Co. v. Express Co.,* 184 N. C., 478.

The later decisions stress the fact that the defendant was not required to rebut the prima facie case by the greater weight of the evidence, *Hunt v. Eure,* 189 N. C., 482, *Speas v. Bank, supra, White v. Hines,* 182 N. C., 275, although expressions seemingly to the contrary may be found in cases in which the burden rather than the quantum of proof was apparently the crucial question. *Piner v. Brittain,* 165 N. C., 401.

In the defendant's brief it is intimated that his admission of the execution and delivery of the notes would have entitled the plaintiff to a verdict on the pleadings and that the burden of proof necessarily devolved upon the defendant. When matters directly in issue are admitted it is not necessary to offer the admission in evidence, but allegations or admissions of matters which are independent of and collateral to the issues raised by the pleadings are available as evidence only when introduced. *McCaskill v. Walker,* 147 N. C., 195. The defendant's admission dispensed with proof that the notes had been executed but not with the necessity of introducing them in evidence. The record does not show that the judge "directed" or "requested" the defendant first to proceed; he "allowed" it, but at whose instance?

The question whether a witness whose deposition was taken by the plaintiff and offered by the defendant was a witness for the plaintiff was a subordinate feature of the trial concerning which no instruction was essential in the absence of a written request to that effect. *S. v. O'Neal,* 187 N. C., 22; *S. v. Merrick,* 171 N. C., 787.

No error.