WACHOVIA BANK AND TRUST COMPANY, N.C., EXECUTOR AND TRUSTEE UNDER THE WILL OF WILLIAM ELMO BAKER v. MIKE RUBISH

No. 8014DC571

(Filed 17 February 1981)

**Landlord and Tenant § 14— holding over after expiration of lease — jury question**

In an action for summary ejectment, defendant's averments that the lease had been renewed for an additional term, and the subsequent evidence presented by defendant in support of that contention, established a question of fact for the jury as to whether defendant was holding over after the expiration of the lease term; moreover, plaintiff was not entitled to a directed verdict or judgment n.o.v. on either of defendant's claims of waiver of formal renewal by plaintiff or estoppel, since defendant presented evidence that, even though plaintiff found no formal

renewal notices from defendant among deceased landlord's business papers, plaintiff never advised defendant that he must provide written notice of his intention to renew the lease for another term; defendant's evidence tended to show that he had a continuing relationship of several years with plaintiff through the loan department, and extensive negotiations concerning the lease with the plaintiff's employees in the trust department; defendant presented evidence that the useful life of his improvements to the property was forty years and that improvements were made within the period for renewal of the lease; and defendant was not disqualified from relying on the equitable defenses of waiver and estoppel because of his attempt to use a fabricated letter as evidence of compliance with the express terms of the lease agreement, as defendant withdrew both the defense and the letter prior to trial and apologized to the court for his misconduct.

APPEAL by plaintiff from *LaBarre, Judge.* Judgment filed 14 January 1980 in District Court, DURHAM County. Heard in the Court of Appeals 8 January 1981.

Plaintiff, Wachovia Bank and Trust Company, as Trustee and Executor under the will of William Elmo Baker, instituted this action in summary ejectment against the defendant, Mike Rubish. The case was removed to District Court pursuant to agreement between the parties. Plaintiff's complaint alleges that a lease between defendant and William Baker for the disputed property expired on 30 April 1979 and defendant's failure to provide plaintiff with written notice of his intention to renew the lease not later than ninety days prior to the expiration of the term, on 30 April 1979, as provided in the lease agreement, entitles plaintiff to immediate possession under the terms of Baker's will.

Defendant specifically denied plaintiff's interests in the property and generally denied the allegations in the complaint. Defendant further affirmatively pled written notice of his intention to renew the lease to Kathleen Baker, waiver of the requirement for written notice by the Bakers, failure of plaintiff to comply with the terms of the lease, and equitable estoppel against the plaintiff. Prior to trial, defendant filed a notice of abandonment and withdrawal of the defense concerning written notice to Kathleen Baker.

Plaintiff's evidence tended to show that the lease expressly required written notice of defendant's intention to renew the lease prior to ninety days before the end of the present term. The plaintiff's witnesses testified that at no time did the plaintiff Bank receive any notification, either written or oral, that defendant intended to renew the lease for a third five year period.

Defendant's evidence tended to show that he understood the lease was a forty year lease and that it did not require formal renewal even though he was aware of the renewal provisions in the written document. The evidence for defendant further tended to show that following William Baker's death there were extensive negotiations between defendant and plaintiff concerning the sale of defendant's interests in the leased property to the Bank. Defendant received notice to vacate the leased premises on 10 May 1979, but refused to vacate and plaintiff filed this action. The jury found for defendant, from which plaintiff appeals.

*Newsom, Graham, Hedrick, Murray, Bryson and Kennon, by Robert B. Glenn, Jr., for plaintiff appellant.*

*Claude V. Jones for defendant appellee.*

ARNOLD, Judge.

The trial judge acted in accordance with the law when he denied plaintiff's motions for a directed verdict and judgment notwithstanding the verdict. In an ejectment action, plaintiff must establish the landlord-tenant relationship between plaintiff and defendant, and that defendant is holding over after the expiration of the term set out in the lease. N.C.G.S. 42-26(1). Defendant's averments that the lease had been renewed for an additional term, and the subsequent evidence presented by defendant in support of that contention, established a question of fact for the jury as to whether defendant was holding over after the expiration of the lease term. *See, Poindexter v. Call,* 182 N.C. 366, 109 S.E. 26 (1921). Moreover, defendant presented evidence that plaintiff accepted defendant's implied renewal during negotiations concerning the value and purchase of defendant's interest in the lease.

Plaintiff was not entitled to a directed verdict or judgment n.o.v. on either of defendant's claims of waiver of formal renewal by the plaintiff or estoppel. Whether a landlord has waived provisions in the lease agreement regarding the manner of renewal of the lease for another term is a question of fact to be decided by the jury, as is the application of the doctrine of estoppel. *See, Treadwell v. Goodwin,* 14 N.C. App. 685, 189 S.E. 2d 643 (1972). Defendant presented evidence that even though the Bank found no formal renewal notices from defendant among Baker's business papers, plaintiff never advised defendant that he must provide written notice of his inten-

tion to renew the lease for another term. Defendant's evidence tended to show defendant had a continuing relationship of several years with the plaintiff through the Loan Department, and extensive negotiations concerning the lease with the plaintiff's employees in the Trust Department. Defendant presented evidence that the useful life of his improvements to the property was forty years and that improvements were made within the period for renewal of the lease. We hold that the evidence was not insufficient as a matter of law on defendant's defenses of waiver and estoppel.

Plaintiff urges this Court to hold that defendant was disqualified from relying on the equitable defenses of waiver and estoppel because of his attempt to use a fabricated letter as evidence of compliance with the express terms of the lease agreement. We decline. The defendant withdrew both the defense and the letter prior to trial and apologized to the court for his misconduct. While we do not condone the activities of defendant in regard to the letter, neither will we use the "clean hands doctrine" to benefit plaintiff in this matter. The doctrine that the courts will not lend their aid to those who come into court with "unclean hands" is to protect the integrity of the courts, not to benefit the opposing party. *See, generally*, 30 C.J.S., Equity § 93 (1965).

Plaintiff's request for a new trial is denied. We find no error in the judge's charge concerning the legal elements of waiver or regarding the contentions of the parties. Nor do we find that the trial judge unduly prejudiced plaintiff's case by referring to plaintiff as "Bank" in the course of his instructions to the jury. Further, the testimony of Jerry Rucker concerning defendant's long-term dealings with plaintiff's Loan Department, while obviously prejudicial to plaintiff's case was not error. The testimony was relevant to the kind of relationship which existed between plaintiff and defendant.

For the reasons discussed, we find no prejudicial error in the trial.

No error.

Judges WELLS and HILL concur.