U. S. MORRIS ET AL., TRADING AS U. S. MORRIS AND BROTHERS, v. AMERICAN RAILWAY EXPRESS COMPANY.

(Filed 15 March, 1922.)

1. **Carriers of Goods—Express Companies—Failure to Deliver—Negligence—Evidence—Prima Facie Case—Nonsuit—Instructions.**

Where an express company receives as a common carrier a package containing money to be transported and delivered to a firm of which the sender is a member, evidence that the carrier failed to deliver it is *prima facie* evidence of its negligence, carrying the case to the jury for its determination in the sender's action, and a motion as of nonsuit, or instruction in the defendant's favor thereon, is properly denied.

2. **Same—Fraud—Constructive Fraud.**

While a carrier may avoid liability for accepting a package by reason of the shipper's misrepresentation to its agent as to its kind or quality, upon the principle of actual or constructive fraud in the making of the contract, if actual fraud there should ordinarily be a false statement of some

essential fact, knowingly made and reasonably relied on by the agent of the carrier, as an inducement to the contract of carriage; or, if constructive fraud, the silence of the consignor and the circumstances of the transaction must in fact and effect be the equivalent of a fraudulent misrepresentation.

**3. Same—Misrepresentations of Shipper—Mistake of Agent—Damages.**

The railroad agent received from the consignor a box containing money change, and there was evidence tending to show that the consignor told this agent it contained money change, but that the agent understood him to say "chains" or "automobile chains," and as such this agent delivered the package to the express agent when he returned, who sent it as "automobile chains," though the box was too small for a shipment of that character, which the express agent himself doubted at the time. In either event the express rate was the same, and it appearing that the package was never delivered: *Held*, sufficient to support a verdict of the jury awarding damages to the plaintiff, to the extent of the value given, and upon the evidence sustaining it.

**4. Same—Exceptions—Proximate Cause—Burden of Proof.**

Except for the act of God, the common enemy, or default attributable to the shipper, a common carrier is held liable as insurer of goods it accepts for transportation and delivery, and where the carrier relies on an exception to the general rule it must show that the exception was the proximate cause of the injury; and where it is shown that an express company has accepted goods for shipment and has failed to deliver them, according to the contract of carriage, a *prima facie* case of its negligence is established, and a motion as of nonsuit, or a prayer directing a verdict upon the evidence, is properly refused.

**5. Carriers — Express Companies—Freight Receipts—Money—Bullion— Negligence of Carrier—Damages.**

A clause of an express receipt for an interstate shipment, the form of which has been approved by the Interstate Commerce Commission, excusing the carrier from liability when the package contained money, bullion, when it is not so stated in the receipt, except in case of loss due to carrier's negligence, does not by its express terms include loss proximately caused by the carrier or its agent when the evidence and verdict have established a loss due to such negligence.

APPEAL by defendant from *Calvert, J.,* at the November Term, 1921, of BERTIE.

Among other evidence, there was testimony tending to show that plaintiffs are surviving partners of the firm of U. S. Morris & Brothers, at Lewiston, Bertie County. The firm was composed of U. S. Morris, W. F. Morris, and N. S. Morris. N. S. Morris lived at Sparrows Point, Md. The others lived at Lewiston (Woodville), N. C. In the fall of 1918 small change was scarce with the firm, and they wrote to N. S. Morris at Sparrows Point to ship them $150 in small change, nickels, dimes, quarters, and halves. N. S. Morris took that amount and with the help of B. F. King packed it in a wooden box about eight inches

10—183

square, securely nailed the top on it, wrapped it in strong manilla paper, and tied it with heavy cord. The package was taken by N. S. Morris and D. C. King to the office of the defendant at Sparrows Point, Md., for shipment. They found the office closed. The Pennsylvania Railroad carries express from Sparrows Point for defendant.

Morris and King delivered the package, in good order and unbroken, to one Van Horn, ticket agent for the said railroad, paid him the charges of 89 cents, and gave him the valuation of one hundred and fifty dollars, with directions to have it·shipped by express. King swears that he told Van Horn the box contained change. Van Horn swears he understood King to say it contained chains. That is what he swore in an affidavit made just after the shipment. On the trial he swore that King told him the box contained "automobile chains."

Van Horn took the box and cared for it in his ticket office. Next morning he found it just where he had left it, not disturbed and unbroken. He took it into the express office and delivered it to Taylor, the agent of the defendant express company. They both swear, in depositions taken, that Van Horn told Taylor the box contained "automobile chains," and was to be valued at $150.

Taylor filled out the express receipt; did not indicate on it that the box contained chains or automobile chains; placed a valuation on it of $150; collected express charges based on that valuation, and signed the receipt and handed it to Van Horn. N. S. Morris got the receipt and sent it to his firm at Lewiston, N. C. The package never was carried to Lewiston and never was delivered to the plaintiffs.

On issues submitted, there was verdict that the shipment was received by defendant as common carrier, and lost by defendant's negligence; that the damages sustained by reason of such negligence was one hundred and fifty dollars and interest, etc. Judgment on the verdict for plaintiff, and defendant excepted and appealed.

*Winston & Matthews for plaintiff.*
*Gillam & Davenport for defendant.*

HOKE, J. The facts in evidence tended to show that in December, 1918, a package containing $150 in money change, belonging to plaintiffs, was received at Sparrows Point, Md., for shipment to Woodville, N. C., by defendant as common carrier, and that same was lost in the course of shipment by negligence of defendant company.

In acceptance of these facts, liability of defendant for the amount has been established by the verdict, and we find no reason presented for disturbing the results of the trial. Defendant excepts, first, for the

refusal of its motion to nonsuit, but on the record there being no dispute as to the receipt of package for shipment as common carrier, and an admitted failure to deliver, this of itself is sufficient to constitute a *prima facie* case, carrying the question of liability to the jury. *Cotton Oil Co. v. R. R., ante,* 95; *White v. Hines,* 182 N. C., 288; *Trading Co. v. R. R.,* 178 N. C., 175; *Mewborn v. R. R.,* 170 N. C., 205; *Brinson v. R. R.,* 169 N. C., 425; *Meredith v. R. R.,* 137 N. C., 478.

And these and other authorities of similar import are controlling as against a second exception by appellant for refusing an instruction "that on the entire evidence, if believed, there should be a verdict for defendant."

It is further insisted for defendant that no recovery should be allowed because of evidence to the effect that this being a money package, the station agent, acting in this matter for plaintiffs, said to express agent at time of shipment that the package contained automobile chains of the value of $150, and that on such statement same was shipped as merchandise.

The position is presented in several prayers for instructions, all closing with the proposition that on the facts as suggested, "if the package was lost or stolen in transit, the plaintiffs could not recover." There are well considered decisions to the effect that a defendant may be relieved of the contract of carriage and the exigent liabilities incident to it by reason of misrepresentations as to the value and nature of the goods. A learned discussion of the principle and a proper application of it appears in a recent case of *United States v. A. C. L. R. R. Co.,* reported in 206 Fed., 190-205, the opinion being by our former associate, the Hon. H. G. Connor, now Federal judge of Eastern District of North Carolina, and in which many of the pertinent authorities are cited and commented on. The cases referred to, and others of like kind, proceed upon the principle of active or constructive fraud in the making of the contract. And in the application of such a principle it is the accepted position that an order to the avoidance of a contract for actual fraud there should ordinarily be a false statement of some essential fact, knowingly made and reasonably relied upon by the other party as an inducement to the agreement. *May v. Loomis,* 140 N. C., 350; *Lunn v. Shermer,* 93 N. C., 164.

And in case of constructive fraud, the silence of the party claimant, together with the facts and circumstances of the transaction, must in fact and effect be the equivalent of such a misrepresentation. By way of illustration, an instance of the latter position is given in the Federal case above referred to, where recovery was denied on the ground in part that valuable jewels were shipped as ordinary mail, and for ordinary

postage with nothing that in any way disclosed to the carrier the value and nature of the package. And so, in *Orange City Bank v. Brown*, 9 Wendell, 85, wherein it appeared that a large amount of money, over $11,000, was placed in a trunk and checked as ordinary baggage.

But on the record there is no such principle permissible as a conclusion of law, from the facts in evidence, and that is the only way that defendant's prayers present them. In the present case there is no claim or suggestion of actual fraud, and on the question of constructive fraud, in addition to the statement heretofore made, there were facts in evidence tending to show that the $150 in change, packed in a box 8 x 8 inches and securely tied, was carried by one of plaintiffs, with another, who had assisted him, to the railroad station, where defendant company had its office; that the express agent having gone home for the day, the other giving assurance that the station agent was dependable, the plaintiff left the package with him for shipment when the express agent should return, stating that the same contained $150 in change, and prepaying the express charges on $150 valuation. These charges being the same whether the shipment was merchandise or money. The next morning the station agent gave the package, which he had cared for during the night and which was untampered with, to the express agent for shipment, telling him it was $150 in value and contained automobile chains. It was proved, and without dispute, that not more than $15 worth of chains could have been placed in a box of that size, and to enclose $150 of automobile chains would have required a box of three feet square. The probability of some mistake about it was well-nigh self-evident, and so patent was this that the express agent himself testifies that his suspicions were aroused as to the contents of the package, and yet in the face of these facts he receives the same for shipment at the valuation of $150, and the charges therefor, without protest and without making any adequate or proper effort to ascertain the real facts. There is doubt if there is any evidence to justify a finding by the jury of constructive fraud, and very certain it is that no such position can be upheld as a conclusion of law, the only way for its consideration being, as stated, as the record presents it to us.

At most, the evidence, in our opinion, only permits the inference of negligent default on the part of the shipper, the station agent acting for plaintiff, having mistaken the word change for chains, but if this were established, it would not be an avoidance of the contract of carriage, though at times allowed to defeat a recovery. In this aspect of the matter, it is the accepted position that a common carrier is held to be an insurer against the loss of goods received for shipment except by act of God, or the public enemy, vices or defects inherent in the nature of

the goods, or the negligent default of the shipper, or his agents or employees. And it is also held that where a carrier, in case of loss, seeks to avoid liability by reason of one or more of the excepted causes, it must be made to appear that the exceptions relied upon are the proximate, and usually the sole proximate cause of the loss. *Ferrebee v. R. R.*, 167 N. C., 290; *McCarthey v. Lansover & Nash R. R.*, 102 Ala., 193; 3d Hutchinson on Carriers, sec. ......; 10 Corpus Juris, 119. Here, too, the defendant's prayers presenting the question are all defective in that they make no statement or reference to proximate cause as an element affecting liability, sole or otherwise. And the objections to the rulings of the court on questions of evidence are without merit.

There is nothing to suggest that the copies of receipts and other records as filed with the Interstate Commerce Commission in any way differed from that given to the shipper in the instant case, and which was admitted in evidence. And the clause in the receipt held by plaintiff, which purports to excuse the carrier from liability for loss of a money bullion, etc., shipment, unless "enumerated in the receipt," contains in express terms the limitation that the stated restriction does not apply to "losses attributable to the negligence of defendant or its agents," which negligence has been established by the verdict.

On careful consideration, we find no reversible error, and the judgment for plaintiff is affirmed.

No error.