C. M. MERCHANT v. IRVING M. LASSITER AND J. WAYNE WILLIARD, TRADING AS CITY TRANSFER & STORAGE COMPANY.

(Filed 24 May, 1944.)

**1. Appeal and Error § 29—**

Exceptive assignments of error, not brought forward and discussed in the brief, are deemed abandoned.

**2. Trial § 30: Carriers § 12—**

While proof of facts which constitute *prima facie* evidence of negligence permits but does not compel a verdict for plaintiff, a peremptory instruction upon the evidence of loss of goods is justified where the defendant is admittedly a common carrier.

**3. Carriers § 12—**

A common carrier is an insurer against the loss of goods received for shipment; and it is liable for loss of property in its possession not due to acts of God, the fault of the shipper, or the inherent nature or quality of the goods.

**4. Same—**

A common carrier is bound to safely carry and deliver merchandise received and accepted for transportation, and in case of loss plaintiff need only prove delivery to and nondelivery by the carrier. In the absence of proof tending to bring the case within one of the exceptions, nondelivery by the carrier affords a presumption of negligence, and its obligations render it liable to plaintiff for the resulting damage.

**5. Evidence § 27—**

Unaccepted offers of compromise are incompetent as evidence.

APPEAL by defendants from *Phillips, J.*, at March Term, 1944 (High Point Division), of GUILFORD. No error.

Civil action to recover damages for the nondelivery of merchandise received and accepted by defendants for shipment.

On 1 June, 1943, plaintiff delivered to defendants all the furniture, wearing apparel, food supplies, and other personal effects owned by him and the members of his family, for shipment by truck to Columbus County. That part of such property for which suit was instituted has never been delivered. It is alleged that the undelivered part was destroyed by fire, but there is no evidence tending to show the cause of nondelivery except that plaintiff in reference to certain articles testified: "They were burned up along with the insurance papers and everything else."

Plaintiff furnished defendant with a list of the undelivered property. This list was offered in evidence. A part of the property is under the heading, "Barbara Ann Merchant," "Bernita Merchant," and "Beverly," infant children of plaintiff. Some of it belonged to Mrs. Merchant.

As to the property listed under the names of the children, plaintiff testified it was made up of articles of wearing apparel and personal effects purchased and paid for by him for the use of his children.

The plaintiff offered evidence tending to show the delivery to defendant, the nondelivery at the designated destination, and the value, and rested. Defendant offered no evidence in rebuttal.

There was a verdict and judgment for plaintiff, and defendants appealed.

*C. N. Cox and Walser & Wright for plaintiff, appellee.*
*Gold, McAnally & Gold for defendants, appellants.*

BARNHILL, J. A number of the exceptive assignments of error are not brought forward and discussed in the brief. They are deemed.to be abandoned. Rule 28, 221 N. C., 562. (See cases cited.)

The defendants insist that they are not common carriers and that the court's charge thereon was erroneous. As to this the plaintiff alleges: "(3). That the defendants are common carriers and engaged in the hauling and transferring merchandise and other articles from place to place, both in the City of High Point, North Carolina, and to other parts of the State, and are licensed and permitted by the State of North Carolina to engage in said business." The defendants answer: "(3). The allegations in paragraph 3 are admitted except it is denied that the defendants are common carriers."

Thus the defendants admit that they are engaged in hauling and transferring merchandise from place to place in North Carolina under license from the State. This makes them a common carrier. Their denial that they are such carrier is without substance.

Plaintiff, in detailing his conversation with one of the defendants which culminated in the contract to transport, said: "He told me at that time I had nothing to worry about, that he carried insurance."

He insists that this was one of the representations made to him by defendants to induce him to give the business to them rather than to a competitor, and that it was competent for that purpose. In any event, the error, if any, was rendered harmless by the later admission of the same testimony. Plaintiff testified without objection: "He said 'We have insurance, everything will be fully covered.' I took that to mean fire, breakage, or anything. Yes, insurance on whatever I got him to haul." *S. v. Gordon, ante,* 304, and cases cited.

The court charged the jury:

"Now, Gentlemen of the Jury, when a *prima facie* case is made out by the plaintiff, the Court charges you that if you find by the greater weight of the evidence that the plaintiff delivered the goods in question to the defendants for transportation from High Point to Columbus County and that the goods were accepted by the defendants for transportation for a valuable consideration and then the goods were not delivered in Columbus County, according to the contract, the Court charges you that makes out a *prima facie* case of negligence on the part of the

defendants. And then, if you find those facts to be true from the evidence and by the greater weight thereof, the Court charges you that you will answer the first issue Yes; otherwise, No."

While proof of facts which constitute *prima facie* evidence of negligence permits but does not compel a verdict for the plaintiff, and the last sentence in the quoted excerpt amounts to a peremptory instruction upon the evidence, exception thereto cannot be sustained.

A carrier is an insurer against the loss of goods received for shipment, *Morris v. Express Co.,* 183 N. C., 144, 110 S. E., 855, and it is liable for the loss of property in its possession not due to the act of God, the fault of the shipper, or the inherent nature or quality of the goods. *Moore v. R. R.,* 183 N. C., 213, 111 S. E., 166.

It is bound to safely carry and deliver merchandise received and accepted for transportation, *Meredith v. R. R.,* 137 N. C., 478, and in case of loss plaintiff need only prove delivery to and nondelivery by the carrier. *Perry v. R. R.,* 171 N. C., 158, 88 S. E., 156. In the absence of proof tending to bring the case within one of the exceptions nondelivery by the carrier affords a presumption of negligence. *Holmes v. R. R.,* 186 N. C., 58, 118 S. E., 887, and its obligations as a common carrier render it liable to the plaintiff for the resulting damage. *Meredith v. R. R., supra; Aycock v. R. R.,* 89 N. C., 321; Anno. 53 A. L. R., 996; 106 A. L. R., 1156.

Thus, where the defendants are both receiving and delivering carriers, proof that the property was received by the carriers and has never been delivered under the contract of carriage entitles plaintiff to a verdict unless there is proof that the failure to transport and deliver was occasioned by some cause excepting the carrier from absolute liability.

Here the defendants offered no evidence. The record fails to disclose any testimony tending to show that the loss was due to any cause which would excuse the nondelivery and free the defendants from their liability as common carriers. A peremptory instruction was not inappropriate.

What has already been said leads to the conclusion that there was no error in the refusal of the court to dismiss as in case of nonsuit.

Mrs. C. M. Merchant, wife of plaintiff, appeared in this Court through counsel and moved that she be permitted to make herself a party plaintiff. The motion was allowed. This disposes of the contention that as to part of the property she is the real party in interest.

As to the articles listed in the name of the children, the evidence tends to show that they are the property of plaintiff. Furthermore, there was no motion or prayer for instructions in respect thereto. The record contains no exception which properly presents the question defendants seek to debate. They made the contract of carriage with plaintiff. On

this record they cannot now successfully challenge his right to recover the damages resulting from their failure to deliver.

Defendants proposed to prove through examination of plaintiff that they tendered $1,000.00, the alleged amount of the insurance, in settlement of the claim. The evidence was excluded. The ruling was in accord with the law rendering unaccepted offers of compromise incompetent. *Sutton v. Robeson,* 31 N. C., 380; *Poteat v. Badget,* 20 N. C., 349; *Peeler v. Peeler,* 109 N. C., 628; *Stein v. Levins,* 205 N. C., 302, 171 S. E., 96. In any event, as it was in the nature of an acknowledgment of nondelivery, its exclusion was not prejudicial to defendants.

Defendants have been afforded a trial free from error. It was for the jury to assess the damages. We cannot say as a matter of law that the amount awarded was excessive. No cause for disturbing the verdict is made to appear.

No error.