AMERICAN CIGARETTE AND CIGAR COMPANY, INC.. v. M. C. GARNER, TRADING AND DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF M. C. GARNER TRUCK LINES.

(Filed 4 June, 1948.)

**1. Carriers § 12—**

The common law rule that a carrier, in the absence of special contract, is liable for loss of goods in transit unless the carrier can show that loss was attributable to act of God, the public enemy, fault of the shipper, or inherent defect in the goods shipped, applies to interstate shipments as well as intrastate shipments, since the rule has not been changed by decision of the Federal courts or by Federal statute, the reference to negligence in the Carmack and Cummins Amendments to the Hepburn Act applying only in case of failure to give required notice of claim.

**2. Same—**

Armed robbers are not "public enemies" within the meaning of the rule of liability of common carriers.

**3. Carriers § 3—**

The Federal statutes regulating transportation in interstate commerce by rail are made applicable to motor carriers. 49 U. S. C. A., 319.

**4. Carriers § 12—**

Allegations of delivery of goods to a carrier for shipment and non-delivery by the carrier are sufficient to state a cause of action, and the

fact that the complaint also alleges the loss was due to carelessness of the carrier in handling the goods does not require plaintiff to prove negligence or make the law of bailments applicable.

APPEAL by plaintiff from *Bone, J.,* at September Term, 1947, of DURHAM. Reversed.

Suit by the shipper for loss of goods delivered to defendant, a common carrier, for shipment interstate.

Jury trial was waived and under stipulation the trial judge found that the defendant, a common carrier, received from the plaintiff in Durham, N. C., a shipment of cigarettes for transportation by motor truck and trailer to a point in New Jersey. Plaintiff paid the freight and received bill of lading therefor. En route a major portion of the goods, in value $29,888.35, was stolen by persons unknown and was never delivered. The court found the loss was not caused by any act or negligence of the carrier or his agent, and adjudged that the plaintiff recover nothing.

Plaintiff excepted and appealed.

*Fuller, Reade & Fuller for plaintiff, appellant.*
*Ruark & Ruark for defendant, appellee.*

DEVIN, J. The plaintiff's appeal presents the question whether the finding by the court that the shipment of goods was received by a common carrier for transportation in interstate commerce, and bill of lading issued therefor, without limitation or exception, and that, due to robbery by unknown persons, the goods were lost en route and never delivered was alone sufficient to impose liability for the value thereof upon the defendant carrier.

The common law rule holds a common carrier, in the absence of special contract, liable for loss of goods in transit, unless the carrier can show that the loss was attributable to an act of God, the public enemy, the fault of the shipper, or inherent defect in the goods shipped. This rule obtains in this jurisdiction as to intrastate shipments. *Merchant v. Lassiter,* 224 N. C., 343, 30 S. E. (2d), 217. In that case it was said, "A carrier is an insurer against loss of goods received for shipment. . . . It is bound to safely carry and deliver merchandise received and accepted for transportation (*Meredith v. R. R.,* 137 N. C., 478, 50 S. E., 1), and in case of loss plaintiff need only prove delivery to and nondelivery by the carrier," citing *Morris v. Express Co.,* 183 N. C., 144, 110 S. E., 855; *Moore v. R. R.,* 183 N. C., 213, 111 S. E., 166; *Perry v. R. R.,* 171 N. C., 158, 88 S. E., 156.

In the case at bar the shipment was interstate; hence "rights and liabilities of the parties depend upon Acts of Congress, the bill of lading, and common law rules as accepted and applied in Federal tribunals."

*Cincinnati, N. O. & T. P. R. Co. v. Rankin,* 241 U. S., 319; *White v. Southern R. Co.,* 208 S. C., 319, 38 S. E. (2d), 111; 165 A. L. R., 988. Accordingly it is argued here that the language of the Carmack and Cummins Amendments to the Hepburn Act declaring the carrier liable for any loss of goods in transit "caused by it," and that if loss be due to "carelessness or negligence" of the carrier no notice of claim should be required as condition precedent to recovery, indicates a modification of the common law rule, but we think the reference to negligence as affecting the carrier's liability applies only in case of failure to give required notice of claim. *Cincinnati, N. O. & T. P. R. Co. v. Rankin,* 241 U. S., 319; *Adams Exp. Co. v.. Croninger,* 226 U. S., 491; *Missouri K. & T. R. Co. v. Harriman Bros.,* 227 U. S., 657 (672); *Chesapeake & O. R. Co. v. Thompson Mfg. Co.,* 270 U. S., 416; *Gillette Safety Razor Co. v. Davis,* 278 Fed., 864; *Lehigh Valley R. Co. v. Lysaght,* 271 Fed., 906. The rule of substantive law that the common carrier is liable for failure to transport safely goods received by him for shipment interstate, unless the loss be due to one of the causes herein referred to, has not been changed by statute or authoritative rule of the Federal courts. *Chesapeake & O. R. Co. v. Thompson Mfg. Co.,* 270 U. S., 416; *Cincinnati, N. O. & T. P. R. Co. v. Rankin,* 241 U. S., 319; *Chicago & E. Ill. R. Co. v. Collins Produce Co.,* 249 U. S., 186. Proof of delivery to carrier and failure to transport safely to consignee was sufficient to make out a case. "If the failure to deliver was due to the act of God, the public enemy, or some cause against which it might lawfully contract, it was for the carrier to bring itself within such exception. In the absence of such proof, the plaintiffs are entitled to recover." *Galveston H. & S. A. R. Co. v. Wallace,* 223 U. S., 481.

That the loss of the goods was due to robbery on the part of unknown persons does not relieve the carrier. While armed robbers may be in a sense enemies of society, the loss due to their depredations may not be held in law to come within the definition of "public enemies" as affecting the liability of a common carrier of goods (9 Am. Jur., 860, and cases cited; 20 A. L. R., 262 (Annotation)), in the absence of exemption therefor in the bill of lading, *Kesler v. S. Ry. Co.,* 200 Ky., 713. The Federal statutes regulating transportation in interstate commerce by rail are made applicable to motor carriers. 49 U. S. C. A., sec. 319.

While the plaintiff in its complaint referred to the loss of the goods as due to the carelessness of the defendant in handling the shipment, its allegations of delivery of the described goods to and receipt by defendant, a common carrier, for shipment, and loss of the goods and failure to deliver to the consignee, was sufficient to state a cause of action, without requiring proof of negligence, or applying the law of bailments.

For the reasons stated the court below was in error, and the judgment is
Reversed.