PRODUCTIVE TOOL CORPORATION v. PILOT FREIGHT CARRIERS, INC.

No. 7627DC816

(Filed 18 May 1977)

**1. Appeal and Error § 24— absence of assignments of error — review of judgment**

Where there is no assignment of error in the record on appeal, the only question presented for review on appeal is whether the judgment is supported by the findings of fact and conclusions of law. Rule 10(a), Rules of Appellate Procedure.

**2. Carriers § 10— common carrier — liability for damage to goods**

A common carrier is liable for the loss of or damage to property accepted by it for carriage except for loss or damage due to an act of God, the public enemy, the fault of the shipper, or inherent defect in the goods shipped.

**3. Carriers § 10— time for filing claim against carrier**

The Interstate Commerce Act does not make it unlawful for a common carrier to provide a *longer* period than nine months for the filing of claims. 49 U.S.C. § 20(111); 49 U.S.C. § 319.

**4. Carriers § 10— common carrier — damage to goods — time for filing claim**

In this action to recover damages for injury to plaintiff's property while it was being transported by defendant common carrier by motor vehicle, defendant failed to establish that plaintiff was required, as a condition precedent to recovery, to file its claim within nine months after delivery of the property where defendant failed to offer evidence to support its contention that the bill of lading and National Motor Freight Classifications on file with the I.C.C. contained provisions requiring claims to be filed within nine months, and the court's judgment allowing recovery by plaintiff was supported by the court's findings of fact and conclusions of law.

APPEAL by defendant from *Ramseur, Judge.* Judgment entered 4 August 1976 in District Court, GASTON County. Heard in the Court of Appeals 16 March 1977.

This is a civil action in which plaintiff seeks to recover damages against defendant, a common carrier by motor vehicle, for injury to plaintiff's property caused while it was being transported by the defendant. The case was tried by the court without a jury. After hearing the evidence, the court entered

judgment making findings of fact and conclusions of law as follows:

## "FINDINGS OF FACT:

That the plaintiff was, at all times herein-mentioned, a North Carolina corporation engaged in the business of tool and die making in the Town of Dallas, North Carolina; that at some time shortly prior to the 21st day of August, 1972, the plaintiff purchased a 3/D Bridgeport & Hydraulic machine from Jeffreys Engineering & Equipment Company of Greensboro, North Carolina; that at the time of purchase, said machine was located on the premises of General Tool & Die Company in Columbia, South Carolina; that General Tool & Die Company had purchased said machine from Jeffreys Engineering & Equipment Company, but because it did not meet certain specifications, General Tool & Die Company sold said machine back to Jeffreys Engineering & Equipment Company; that a representative of the plaintiff went to Columbia, South Carolina on the date of purchase where he inspected said machine and found the same to be in good working order and acceptable to the plaintiff; that at all times herein-mentioned, the defendant was a corporation engaged in the business of a common carrier transporting freight for hire in interstate commerce; that on or about the 21st day of August, 1972, the defendant accepted said machine in Columbia, South Carolina for delivery to the plaintiff; that on the 24th day of August, 1972, one of the defendant's trucks delivered said machine to the plaintiff's place of business in Dallas, North Carolina; that a representative of the plaintiff was present at the time of delivery when it was discovered that said machine had turned over inside the delivery truck; that the hydraulic system of said machine was extensively damaged; that said damage was apparent to the plaintiff's representative and to the driver of the delivery truck; that the driver of said truck left a delivery ticket with a representative of the plaintiff; that said ticket bore a notation over the signature of the driver of said truck that said machine had turned over inside the truck, damage amount unknown; that the plaintiff's representative immediately contacted the defendant's terminal office in Charlotte, North Carolina concerning the damage to said machine; that an inspector for the defendant came

to the plaintiff's place of business and personally inspected said machine while it was still on the truck; that said inspector completed a written report which contained the names of the shipper and the consignee and a desecription of said machine and it further set out that said machine had turned over inside the delivery truck; that said inspector took photographs of said machine; that the plaintiff thereafter disassembled said machine in order to remove it from the delivery truck and the same was placed in the plaintiff's place of business; that shortly thereafter, a representative of the plaintiff had several telephone contacts with the defendant's representative at its terminal office in Charlotte, North Carolina concerning the damage to said machine; that pursuant to said contacts, the plaintiff proceeded to cause such repairs to be made to said machine as were reasonably necessary in order to place the same in operating condition; that due to mis-shipment of certain parts and due also to other responsible delays in obtaining other parts to repair said machine, it was approximately eight or nine months before the plaintiff was able to have said machine put back in operating condition; that after the expiration of more than nine months after the date said machine was damaged, the defendant sent certain claim forms to the plaintiff for completion; that no bill of lading or other writing had been delivered or sent to the plaintiff except said inspector's report, until the claim forms were sent to the plaintiff by the defendant; that according to evidence of the defendant, the plaintiff completed said claim forms and returned them to the defendant in August of 1973; that the defendant notified the plaintiff by letter in October of 1973 that the plaintiff's claim for damages was denied on the grounds that the same was not filed within nine months from the date of loss as was required under the rules and regulations as promulgated by the Interstate Commerce Commission pursuant to the national motor freight carriers classification tariffs; that the plaintiff's representative testified that said machine cost between $6,000.00 and $7,000.00 when purchased from Jeffreys Engineering & Equipment Company; that in his opinion, said machine was not worth more than $150.00 upon delivery in the damaged condition; that it cost the plaintiff $1,303.54 to have said machine repaired; that said machine has not been restored to its full efficiency and operating condition; that the plain-

tiff still has said machine in its place of business but is using it for rough tool and die making only.

Based upon the foregoing findings of fact, the Court makes the following

### CONCLUSIONS OF LAW:

That the defendant was under a duty to deliver said machine in as good condition as it was when the defendant accepted the same at the point of origin for delivery to the plaintiff; that said machine was damaged in the course of transit while on the defendant's truck and due to no fault of the plaintiff; that the plaintiff was under no duty to file any further notice of damage or claims without being notified by the defendant to do so; and that the plaintiff was entitled to expect action by the defendant to rectify the damages to said machine after having given the original notice through the inspector's report and the telephonic communications."

On the foregoing findings of fact and conclusions of law, the court adjudged that plaintiff recover of defendant $1,303.54 and that costs of this action be taxed against the defendant. Defendant excepted to the judgment and appealed.

*William G. Holland for plaintiff appellee.*

*Hollowell, Stott & Hollowell by James C. Windham, Jr., for defendant appellant.*

PARKER, Judge.

[1] The record on appeal contains but one exception, being the exception to the signing and entering of the judgment, and it contains no assignment of error. Rule 10(a) of the North Carolina Rules of Appellate Procedure is as follows:

### "RULE 10

### EXCEPTIONS AND ASSIGNMENTS OF ERROR IN RECORD ON APPEAL

(a) FUNCTION IN LIMITING SCOPE OF REVIEW. Except as otherwise provided in this Rule 10, the scope of review on appeal is confined to a consideration of those exceptions set out and made the basis of assignments of error in the

record on appeal in accordance with this Rule 10. No exception not so set out may be made the basis of an assignment of error; and no exception so set out which is not made the basis of an assignment of error may be considered on appeal. Provided, that upon any appeal duly taken from a final judgment any party to the appeal may present for review, by properly raising them in his brief, the questions whether the judgment is supported by the verdict or by the findings of fact and conclusions of law, whether the court had jurisdiction of the subject matter, and whether a criminal charge is sufficient in law, notwithstanding the absence of exceptions or assignments of error in the record on appeal."

There being no assignment of error in the record on appeal, the only question presented for our review by this appeal is the question, which was properly raised in appellant's brief, whether the judgment is supported by the findings of fact and conclusions of law. We hold that it is.

[2]   A common carrier is liable for the loss of or damage to property accepted by it for carriage except for loss or damage due to an act of God, the public enemy, the fault of the shipper, or inherent defect in the goods shipped. *Merchant v. Lassiter,* 224 N.C. 343, 30 S.E. 2d 217 (1944). This rule applies to interstate as well as to intrastate shipments. *Cigar Co. v. Garner,* 229 N.C. 173, 47 S.E. 2d 854 (1948). In its brief, defendant does not challenge this rule nor does it question the court's conclusion of law based on the facts found in this case that defendant was under a duty to deliver plaintiff's machine in as good condition as it was when defendant accepted it for shipment. Additionally, defendant does not challenge the court's conclusion that the machine was damaged in the course of transit while on the defendant's truck. Thus, defendant does not question its initial liability as a common carrier for the damage to plaintiff's property which occurred while it was being transported by the defendant.

Defendant's sole contention is that, as a condition precedent to recovery, plaintiff was required to file its claim in writing with the defendant within nine months after delivery of the property, that plaintiff failed to do this, and that the court was in error in making its conclusion of law "that the plaintiff was under no duty to file any further notice of damage or

claims without being notified by the defendant to do so." The difficulty in defendant's position is that, on this record, it has failed to establish its major premise, i.e., that plaintiff was required, as a condition precedent to recovery, to file its claim within nine months after delivery of the property.

**[3, 4]**   The Interstate Commerce Act, in 49 U.S.C. § 20(11), provides that it is unlawful for any common carrier "to provide by rule, contract, regulation, or otherwise a shorter period for the filing of claims than nine months." (Emphasis added.) [49 U.S.C. § 20(11) was made applicable to motor carriers by 49 U.S.C. § 319.] However, nothing in the Act makes it unlawful for a common carrier to provide a *longer* period than nine months for the filing of claims. In its answer defendant alleged that it accepted the machine from General Tool and Die Company in Columbia, South Carolina, pursuant to a bill of lading which was binding on the plaintiff as the consignee and that the bill of lading contained a provision making it a condition precedent to recovery that claims must be filed in writing within nine months after delivery of the property. These, however, were solely allegations. The court made no finding as to the contents of the bill of lading and, indeed, could not have done so since defendant failed to offer any evidence to show what provisions were contained in the bill of lading or even that any bill of lading was issued in connection with the shipment of the machine involved in this action.

In its brief, defendant cites a provision of the National Motor Freight Classifications, which defendant asserts was in effect and on file with the Interstate Commerce Commission, as establishing the requirement that plaintiff file its claim within nine months after delivery of the property. In the judgment appealed from, however, the court made no finding as to the contents of any such National Motor Freight Classification. The finding "that the defendant notified the plaintiff by letter in October of 1973 that the plaintiff's claim for damages was denied on the grounds that the same was not filed within nine months from the date of loss as was required under the rules and regulations as promulgated by the Interstate Commerce Commission pursuant to the national motor freight carriers classification tariffs" amounted to no more than a finding as to the date when defendant notified plaintiff it was denying plaintiff's claim and as to the grounds stated by defendant for doing so; it fell short of being a finding as to what provisions

were actually contained in any classification or tariff filed with and approved by the Interstate Commerce Commission. 49 U.S.C. § 16(13) provides that "copies of schedules and classifications and tariffs" filed with the Interstate Commerce Commission, when certified by the secretary of the commission under the commission's seal, "shall be received as prima facie evidence of what they purport to be for the purpose of investigation by the commission and in all judicial proceedings." No such copy of the National Motor Freight Classifications upon which defendant relies was offered in evidence by the defendant. Even if defendant had offered a properly certified copy showing the nine months provision which defendant contends was in effect, the lack of any assignment of error in this record would prevent appellate review of the court's failure to make a finding of fact with respect thereto. As previously noted, the only question presented for our review by the record on this appeal is whether the judgment appealed from is supported by the findings of fact and conclusions of law which were made. We hold that it is, and the judgment is

Affirmed.

Chief Judge BROCK and Judge ARNOLD concur.