JAMES A. BROADWAY, ADMINISTRATOR OF THE ESTATE OF PHILLIP THOMPSON v. BLYTHE INDUSTRIES, INC., RELIANCE UNIVERSAL, INC. OF OHIO, D/B/A CAROLINA CONCRETE PIPE COMPANY, THE CITY OF CHARLOTTE, NORTH CAROLINA AND HOWARD LISK, INC.

No. 8326SC1099

(Filed 18 September 1984)

**Negligence §§ 30.2, 36— child crushed by pipes—no negligence by carrier of pipes—intervening negligence**

In an action to recover for the death of plaintiff's intestate, a minor child killed at a construction site when large concrete pipes rolled over and crushed him 11 days after they were delivered, the trial court properly entered summary judgment for defendant carrier of the pipes where the materials before the trial judge showed that defendant safely transported and delivered the pipes to the work site; defendant safely unloaded the pipes at the place directed by the foreman for the company which had contracted to install them; the installer's foreman accepted the pipes, delivered in good condition; defendant's duty ended at that point and defendant was not responsible for chocking the pipes to prevent them from rolling once unloaded; and the installer's alleged intervening negligence over the 11-day period insulated, as a matter of

law, any alleged negligence of the carrier because it broke all causal connections between the conduct of the carrier's driver and the ultimate injury.

Judge WELLS dissenting.

APPEAL by plaintiff from *Snepp, Judge.* Judgment entered 6 July 1983 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 22 August 1984.

Plaintiff, administrator of the estate, appeals from an order granting defendant Howard Lisk, Inc. summary judgment on the question of its liability for the death of plaintiff's intestate, a minor child killed at a construction site when large concrete pipes rolled over and crushed him. None of the other defendants named in the caption are parties to this appeal.

*Chambers, Ferguson, Watt, Wallas, Adkins & Fuller, P.A., by James E. Ferguson, II, for plaintiff appellant.*

*Golding, Crews, Meekins, Gordon & Gray, by Henry C. Byrum, Jr. and Frederick C. Meekins; and Henry T. Drake, for defendant appellee.*

VAUGHN, Chief Judge.

The uncontradicted forecast of evidence before the judge was as follows: Lisk is a contract carrier holding a certificate from the North Carolina Utilities Commission which permits it to, among other things, transport concrete pipe for Carolina Concrete Pipe Company, hereinafter (Carolina). On 30 December 1982, defendant's driver, McCraven, picked up a load of concrete pipe from Carolina and transported it to property owned by the City of Charlotte at a job site where Blythe Industries, Inc., hereinafter (Blythe), had contracted to install them for the City. McCraven was met at the job site by Blythe's foreman, Bowman, and one or more other employees of Blythe. The foreman instructed McCraven as to where the load was to be placed. The Lisk vehicle was equipped with a set of hydraulic forks on the rear of the trailer. The pipes were rolled to the rear of the trailer where the hydraulic lift caught each pipe and placed it flat on the ground. The pipes were not stacked but were placed one behind the other. McCraven, the driver, operated the hydraulic lift with controls located outside of the cab of the truck. Blythe's foreman, Bow-

man, and another Blythe employee were on the ground. There was a slight incline where McCraven was directed to place the pipes. After the pipes were unloaded, Bowman signed the shipping invoice and McCraven left the job site.

Eleven days later on 10 January 1982 plaintiff's intestate was playing on the pipes, and was killed, when one of them rolled over him.

In addition to the foregoing, the deposition of Mr. Bowman contains the following:

Q. All right, sir. As far as you knew and as far as this unloading of pipe was concerned, did the persons who delivered the pipe there take any part in unloading?

A. They usually roll it off the truck for you.

Q. They roll it off the truck?

A. Um-hum. The truck has a spring on the back of it, like forklifts, that set the pipe down on the ground. They'll always help you unload it. But they're not responsible for it after it's on the ground.

Q. Um-hum.

        MR. MEEKINS: Would you say that again?

A. They're not responsible for it after it's on the ground. I don't reckon. Unless it's cracked.

Bowman had earlier testified:

A. The pipe come in, we got it off the trailer and unloaded it and placed it like we normally do and stuck a board up under the pipe to keep it from rolling.

Q. All right.

A. The pipe was chocked so where it wouldn't roll. That's the way we always unload the pipe. Always been taught to unload the pipe that way as to where it wouldn't roll.

He explained that the chock used was a 4 x 4 signpost. He personally placed the post against the pipe. The same day the pipes were unloaded he had to run some children off of them. He was

unable to say whether other Blythe employees later checked to see whether the chock was still in place or whether, as the pipes were used, they were first taken from the end of the row where the chock had been placed.

Plaintiff offered two affidavits which were intended to show that nothing was done to keep the pipes from being rolled and that the men were warned that children were there when the truck was being unloaded. Lisk argues that the affidavits do not comply with Rule 56(e) and should not be considered. It suffices to say that they fail to show a question of fact as to any breach of duty to plaintiff's intestate for which Lisk is liable.

It is elementary that summary judgment should be entered only when the moving party is entitled to a judgment as a matter of law. We conclude that the pleadings and other matters before the court show, as a matter of law, that plaintiff is not entitled to recover from Lisk.

Defendant had a duty as a contract carrier to safely carry and deliver the pipes to the consignee, Blythe. *Merchant v. Lassiter*, 224 N.C. 343, 30 S.E. 2d 217 (1944); *Insurance Co. v. Transfer and Storage Co.*, 18 N.C. App. 152, 196 S.E. 2d 822 (1973). There is no question in this case regarding defendant's safe delivery of the pipes to the Blythe construction site.

Defendant's duty, however, ended when its driver unloaded and Blythe's foreman accepted the pipes, delivered in good condition. The uncontradicted evidence shows that defendant was not responsible for chocking the pipes to prevent them from rolling once unloaded.

Once delivered into the custody of Blythe's employees, the pipes became the exclusive property of Blythe and the employee of the contract carrier was not authorized to alter Blythe's arrangement of them.

Even if we were to concede *arguendo* that the carrier was negligent in some way at the time the pipes were unloaded we would have to hold, as a matter of law, that such negligence was not a proximate cause of the accident that took place on Blythe's job site eleven days later. Blythe's alleged intervening negligence over the eleven day period insulates, as a matter of law, any

alleged negligence of Lisk because it broke all causal connections between the conduct of Lisk's driver and the ultimate injury. *Butner v. Spease*, 217 N.C. 82, 6 S.E. 2d 808 (1940).

Affirmed.

Judge HEDRICK concurs.

Judge WELLS dissents.

Judge WELLS dissenting.

Plaintiff's forecast of evidence indicates that when the pipes were delivered and placed on an incline, a nearby resident observed this situation, observed that the pipes had not been secured against rolling, warned defendant Lisk's driver of the presence of children in the area, and inquired if defendant Lisk's driver was going to do anything to secure the pipes; to which inquiry, there was no response. On the other hand, defendant's forecast of evidence shows a conflicting version by defendant's witnesses as to what was done to secure the pipes. In his deposition, defendant's driver testified that defendant Blythe's employees secured the pipes with bricks and rocks, while defendant Blythe's foreman testified that he secured the pipes with a 4 x 4 piece of signpost.

Under this forecast of evidence, there arises a genuine issue of material fact as to whether defendant Lisk was negligent in leaving the pipes unsecured on an incline when he knew, or reasonably should have known, that the pipes might roll and injure someone.

I am also convinced that there is a genuine issue as to whether defendant Lisk's negligence continued to the time of plaintiff intestate's injury and combined with that of defendant Blythe to cause the injury. If so, defendant Lisk's negligence was not insulated by the negligence of defendant Blythe. *See Hairston v. Alexander Tank & Equipment Co.*, 310 N.C. 227, 311 S.E. 2d 559 (1984).